William J. Regan, S.
In this probate proceeding the. court was asked to construe article second of the last will and testament of. the above-named deceased, which provides as follows;
.“ second : I hereby give and devise-my residence situate at 29 Dartmouth Street, "Town of Hamburg, Erie -County,-New York,to my trustee hereinafter named for the following purposes:.
“1. That premises be made available to my son, RICHARD E. climenhaga, for use as his principal residence during the balance of his natural life ¡or until Nineteen Ninety which ever is earlier,
*471 11 2. That my son shall pay to my trustee on the first day of each month one twelfth of the annual taxes, insurance and any other assessments against subject premises as directed iby my trustee.
“ 3. That any son shall at his own expense maintain premises to the satisfaction of my trustee.
“ 4. That should my son still be residing on subject premises at the expiration of the term herein provided the premises shall be deeded to him absolutely. Should the trust terminate earlier my trustee shall liquidate the property and divide the proceeds equally per capita, among my then surviving children.”
The executor looks to the court for direction and has elected not to file a memorandum in this proceeding. The beneficiary of the trust, Richard E. Climenhaga, has advised the court that it would not be possible for said beneficiary to maintain the residence as directed in the will for the reason that he could not possibly afford to maintain the house or pay the taxes and assessments charged against the realty. He has, however, made the unique request of the court that the property be sold and that the net proceeds of the sale be placed in trust for the rest of the life of the beneficiary or until 1990 at which time the same should revert to him as would the real estate if compliance with the terms of the trust were possible. The executor informs the court and apparently there is no information to the contrary that there are no cash assets in the estate and that there are, as a matter of fact, no assets other than the real estate in question.
Obviously, the sale of the residence in question becomes necessary for the payment of administration debts and expenses. The court initially finds that a valid trust was created by article second of the will. When, however, a trust becomes impossible of accomplishment the trust may be terminated by order of the court. Certainly, where the subject of the trust must be liquidated as is the case in this proceeding the trust must fail.
EPTL 7-2.2 expressly provides: “When the purpose for which an express trust is created ceases the estate of the trustee also ceases.”
To grant the request of the life beneficiary would be, in effect, to thwart the express direction and intent of the testatrix. It is the duty and function of this court to carry out the intentions of the testatrix as expressely stated in the will.
In the light of the conditions under which the trust was created and in view of the circumstances present it is the direction of *472 this court that the trust he terminated, that the property in question be sold and that the net proceeds of the sale be divided equally among the surviving children of the testatrix as provided in subdivision 4 of article Second of said will.